IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | Cr. No. C-09-43 |
| | § | |
| ABRAHAM SALOMON RODRIGUEZ, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Abraham Salomon Rodriguez filed a Notice of Eligibility and Motion for Appointment of Counsel (D.E. 142), in which he challenges his sentence base upon a new decision of the Fifth Circuit, *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and requests appointment of counsel to assist him with his claim. The relief Rodriguez seeks is available, if at all, pursuant to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

## BACKGROUND AND CLAIMS

Rodriguez was convicted of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and was sentenced to 240 months' imprisonment. Although Rodriguez qualified as a career offender, he was sentenced based upon his actual offense level, 42, which was higher. His plea agreement included a waiver of his right to appeal or to collaterally attack the judgment. Rodriguez appealed, but the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. *United States v. Rodriguez*, 395 Fed. App'x 108 (5th Cir. Sept. 13, 2010) (per curiam) (designated unpublished).

Rodriguez filed a timely motion to vacate, set aside, or correct sentence in May 2011. The Court denied the motion by Memorandum Opinion and Order and Final Judgment entered December 14, 2011. D.E. 117, 118. Although Rodriguez appealed, the Fifth Circuit denied his request for a Certificate of Appealability. *United States v. Rodriguez*, No. 12-40079 (5th Cir. Dec. 26, 2012). Rodriguez has since filed other post-conviction motions.

## ANALYSIS

Rodriguez' present motion was filed after a previous § 2255 motion; thus, his current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Rodriguez' motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion.

Rodriguez' request for appointed counsel is denied because the Court does not have jurisdiction to grant his relief, and persons who file § 2255 motions are not automatically entitled to appointed counsel. *See United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (internal citations omitted).

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rodriguez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Rodriguez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

### CONCLUSION

For the reasons set forth herein, Rodriguez' construed motion to vacate, set aside or correct sentence pursuant to § 2255 (D.E.142) is **DENIED** as second or successive, his motion for appointed counsel is **DENIED**, and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 19th day of April, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE